

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

January 20, 2023

Catherine O'Hagan Wolfe
Clerk of the Court
U.S. Court of Appeals for
  the Second Circuit
40 Foley Square
New York, NY 10007

      Re:    *New York State Telecomm. Ass'n v. James*, No. 21-1975

Dear Ms. Wolfe:

      I write on behalf of defendant-appellant New York Attorney General Letitia James, in further response to the Court's questioning during the oral argument held on January 12, 2023, to elaborate on why the stipulated final judgment the district court entered below constitutes an appealable final decision under 28 U.S.C. § 1291.

A.    <u>The District Court Enters a Stipulated Final Judgment</u>

      In April 2021, plaintiffs-appellees—a group of trade associations whose member companies offer broadband internet access service in New York—filed this lawsuit asserting that federal law preempted New York's Affordable Broadband Act (ABA)[1] under theories of both field and conflict preemption. Requesting declaratory and injunctive relief, the complaint raised two claims based on the same underlying preemption theories: (i) that the ABA was invalid under the Supremacy Clause of the United States Constitution; and (ii) that New York's enforcement of the ABA would "deprive the Associations' members of their rights under the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983." (Joint Appendix (J.A.) 96.)

      On June 11, 2021, in a thirty-four-page opinion issued after full briefing and argument, the district court preliminarily enjoined the ABA's enforcement, holding

---

[1] *See* General Business Law § 399-zzzzz.

28 LIBERTY STREET, NEW YORK, NY 10005-1400 • PHONE (212) 416-8020 • FAX (212) 416-8962 *NOT FOR SERVICE OF PAPERS
WWW.AG.NY.GOV

that plaintiffs had shown a likelihood of success on the merits of each preemption theory. (*See* J.A. 137, 145, 155.) Defendant appealed that decision. *See* No. 21-1603 (2d Cir., docketed June 30, 2021).

Given the firm nature of the district court's legal conclusions about preemption and the importance of these issues, the parties proposed that the district court enter a stipulated final judgment and permanent injunction based on the court's reasoning and conclusions in its preliminary injunction decision. In July 2021, the district court entered the final judgment, which included both a declaratory judgment that federal law preempted the ABA and a permanent injunction against the statute's enforcement.[2] (J.A. 156-159.) The judgment recited that it was based on the reasons given in the district court's June 11 decision granting a preliminary injunction. (J.A. 157.) The judgment also recited that "defendant expressly reserves all appellate rights in this matter" and that plaintiffs recognized defendant's right to appeal the final judgment, declaration, and permanent injunction. (J.A. 157.) And it further ordered plaintiffs' second cause of action (based on § 1983) dismissed without prejudice, to which plaintiffs had agreed. (J.A. 157.) Defendant then appealed the declaratory judgment and permanent injunction, and the parties moved to withdraw the earlier-filed and now-moot appeal of the preliminary injunction.

B.     The Stipulated Judgment Is Final and Appealable

At oral argument, the Court inquired whether the procedures followed here generated an appealable final judgment. In particular, the Court inquired whether: (i) the judgment was final when the district court, at the parties' invitation, had dismissed plaintiffs' second claim for relief (the § 1983 claim) "without prejudice"; and (ii) the stipulated final judgment resembled a settlement agreement, the terms of which the signatories ordinarily may not later challenge. The judgment below was final and appealable when entered. And even if the Court disagrees, any imperfection has since been cured on the record at oral argument or may be promptly cured.

In questioning at oral argument, the Court referenced the general rule that a plaintiff may "appeal an adverse ruling disposing of fewer than all of its claims following the plaintiff's voluntary relinquishment of its remaining claims," but only if the remaining claims are dismissed "with prejudice." *Chappelle v. Beacon Commc'ns Corp.*, 84 F.3d 652, 653 (2d Cir. 1996). Extending also to defendant "counter-claimants," this rule permits parties "to retain control of their own claims while also ensuring that voluntary dismissals are not used to obtain piecemeal appellate review." *Ali v. Federal Ins. Co.*, 719 F.3d 83, 89 (2d Cir. 2013). Consistent with that rationale, appellate jurisdiction also will arise where a remaining claim is dismissed "without prejudice to refiling it if, but only if, the dismissal of [the other]

---

[2] Two weeks later, the district court amended the clerk's judgment to delete an erroneous description of the judgment as one based on settlement. (*See* J.A. 160-161.)

2

claims was reversed on appeal." *Purdy v. Zeldes*, 337 F.3d 253, 257-58 (2d Cir. 2003). In this scenario, a reversal may result in further litigation, whereas an affirmance will end the case—much like any other appeal of a final judgment of dismissal. Thus, "the finality rule is not implicated in the same way" as with an unconditional dismissal without prejudice, and this type of "conditional waiver" generates a "final judgment reviewable by this court." *Id.* at 258.

Here, as the Court pointed out, the final judgment did not expressly condition refiling of plaintiffs' § 1983 claim on an appellate reversal. Yet the same concerns motivating *Purdy*'s imposition of that condition are satisfied. Indeed, unlike in the line of decisions just discussed, the appellant here is not the party who asserted, and voluntarily dismissed, the remaining claim after a dispositive ruling on other claims. Rather, the § 1983 claim was forgone by appellees, who initially brought the claim and fully prevailed in the district court—a circumstance that eliminates any concern about the possibility of manipulation by a losing litigant for the purpose of "secur[ing] an otherwise unavailable interlocutory appeal." *Chappelle*, 84 F.3d at 654.

Moreover, whether the § 1983 claim was dismissed with or without prejudice is inconsequential as a practical matter because both of plaintiffs' claims turned on the same legal preemption theories. *See Chappelle*, 84 F.3d at 654 n.3 (counseling for taking "a practical view of the dismissal"). As the parties acknowledged during oral argument, this Court's decision on the district court's preemption ruling will control the § 1983 claim, no matter whether the Court reverses or affirms the judgment. *See* Oral Arg. at 3:35-4:46, 13:40-13:55. If the Court concludes that the ABA is not preempted and reverses the judgment below, plaintiffs cannot pursue their § 1983 claim, which hinges on preemption theories that this Court will have rejected. And if the Court affirms the judgment, plaintiffs will have obtained the ultimate relief they sought in this lawsuit.[3] Either way, all of plaintiffs' claims will be "effectively disposed of" on the merits. *Affinity Living Grp. v. StarStone Specialty Ins. Co.*, 959 F.3d 634, 639 (4th Cir. 2020) (upholding appellate jurisdiction under analogous circumstances). And there will be no "right to 'revive' those claims" for further litigation. *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1715 (2017). The actual and intended effect of the final judgment is to bar plaintiffs from pursuing their § 1983 claim. This appeal thus "furthers the goal of judicial economy" that underlies § 1291's finality requirement for appellate jurisdiction. *Chappelle*, 84 F.3d at 654.

---

[3] Although prevailing under § 1983 could entitle plaintiffs to attorney's fees under 42 U.S.C. § 1988, the prospect of such a fee motion does not vitiate the underlying merits decision's finality. *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202-03 (1988). Further, during the oral argument, counsel for plaintiffs represented that plaintiffs do "not intend to litigate" the § 1983 claim even if they prevail on appeal, and "to the extent that § 1983 [allows] attorney's fees," plaintiffs "were not looking to impose those costs on the State." Oral Arg. at 15:48-15:52, 16:44-16:51.

In any event, developments during an appeal may ripen a judgment into one that is "'final' for purposes of 28 U.S.C. § 1291 because it decided all of the claims between the parties," and a previously filed notice of appeal may carry forward to the newly final judgment. *Smith ex rel. Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168, 171-72 (2d Cir. 2002). Here, on the record at the oral argument, counsel for plaintiffs agreed to dismiss their § 1983 claim with prejudice, if doing so would have no preclusive effect on the claim for which relief was entered below. Oral Arg. at 14:40-15:20, 16:52-17:10. The State accepted that proposal at oral argument, *see id.* at 17:30-17:52, and confirms that it waives any contention that the § 1983 claim's dismissal has any preclusive effect within this case. These events render the district court's judgment and injunction final and reviewable, if there were any doubt before.

Insofar as the Court expressed concerns about not only finality, but also adversity, that prerequisite too is present. The parties to this appeal remain adverse after entry of the stipulated final judgment below, and defendant remains aggrieved by the final judgment. The declaratory judgment and permanent injunction here did not result from any settlement among the parties. Instead, the district court expressly based the judgment and injunction on its legal reasoning in the June 11 preliminary injunction order. (J.A. 157.) And defendant expressly preserved her right to appeal from the district court's judgment, a right that plaintiffs acknowledged. (J.A. 158.)

This case is not one where, for example, claimants attempted to transform an unappealable interlocutory order on a collateral issue "into a final judgment within the meaning of § 1291" by agreeing to dismiss the whole case before an adjudication on the merits. *Microsoft*, 137 S. Ct. at 1715. Rather, defendant already had effectively "lost on the merits and was only seeking an expeditious review" of that determination. *United States v. Procter & Gamble Co.*, 356 U.S. 677, 680-81 (1958). "In that situation, an appellant has not consented to a judgment, but only that, if there was to be such a judgment, it should be final in form instead of interlocutory, so that an appeal may be taken without further delay." *Ali*, 719 F.3d at 88 (cleaned up).

And even if the stipulated final judgment here were somehow akin to a consent judgment, the explicit and unequivocal preservation of defendant's right to appeal the declaratory judgment and permanent injunction (J.A. 158) would permit adjudication of this appeal, *see LaForest v. Honeywell Int'l Inc.*, 569 F.3d 69, 73 (2d Cir. 2009). This preservation of appellate rights reinforces that defendant never waived her defense of the ABA—the validity of which defendant has continued vigorously to assert, particularly on behalf of the vulnerable New Yorkers whom the statute was enacted to benefit. *See Linde v. Arab Bank, PLC*, 882 F.3d 314, 324 (2d Cir. 2018) (finding appellate adversity where "parties continue[d] to dispute the legal basis" for liability determination below, despite agreement about potential remedies, and each side retained "significant" stake in appeal's outcome).

C.  Alternatively, a *Jacobson* Remand Is Appropriate

Finally, if the Court still has doubt about these points, then the Court should employ the procedure from *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994), and remand the case for the limited purpose of the district court's entering a properly appealable final judgment that aligns with the parties' clear intent.[4] *See, e.g., NYSA Series Tr. v. Dessein*, 631 F. App'x 54, 56-57 (2d Cir. 2015) (remanding under *Jacobson* for entry of final appealable judgment); *Novella v. Westchester County*, 335 F. App'x 73, 75-76 (2d Cir. 2009) (same). The case can then return "to this panel for consideration without the need for a new notice of appeal, briefing schedule, and reassignment to a new panel unfamiliar with the case." *Admiral Ins. Co. v. Niagara Transformer Corp.*, No. 21-2733, 2023 WL 115364, at *6 (2d Cir. Jan. 6, 2023) (quotation marks and brackets omitted).

                                      Respectfully submitted,

                                        */s/ Judith N. Vale*
                                      Judith N. Vale
                                      Deputy Solicitor General

cc: Counsel of record (by ECF)

---

[4] For example, the parties could seek formally to amend the written judgment to remedy the issue of the § 1983 claim's dismissal without prejudice, or the parties could seek to reopen the judgment and file cross-motions for summary judgment reliant on the prior preliminary injunction briefing.