# United States Court of Appeals
FOR THE
SECOND CIRCUIT

---

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of January, two thousand twenty-three.

Present:
>Richard J. Sullivan,
>Alison J. Nathan,
>Sarah A. L. Merriam,
>>*Circuit Judges*.

---

New York State Telecommunications Association, Inc., CTIA - The Wireless Association, ACA Connects - America's Communications Association, USTelecom - The Broadband Association, NTCA - The Rural Broadband Association, Satellite Broadcasting and Communications Association, on behalf of their respective members,

>*Plaintiffs-Appellees*,

v.     No. 21-1975

Letitia A. James, in her official capacity as Attorney General of New York,

>*Defendant-Appellant.*

---

IT IS HEREBY ORDERED, on the Court's own motion, that the parties shall file supplemental briefs, not to exceed fifteen double-spaced pages in length, addressing whether this Court has appellate jurisdiction over the stipulated judgment below. In particular, the parties shall address each of the following questions:

1. Under *United States v. Olano*, 507 U.S. 725, 733 (1993), does Defendant-Appellant's stipulation to the entry of a judgment stating that Defendant-Appellant would be "permanently enjoined from enforcing," J. App'x at 157, the Affordable Broadband Act, N.Y. Gen. Bus. Law § 399-zzzzz, constitute an "intentional relinquishment" of Defendant-Appellant's claim to be free from such an injunction? If so, is this Court "at liberty" to dissolve the permanent injunction under *Wood v. Milyard*, 566 U.S. 463, 466 (2012)? If

this Court lacks power to dissolve the permanent injunction, does Defendant-Appellant lack Article III standing to pursue this appeal under *Food Marketing Institute v. Argus Leader Media*, 139 S. Ct. 2356 (2019)?

2. Under *New York v. Shinnecock Indian Nation*, 686 F.3d 133, 138 (2d Cir. 2012), and *Perpetual Securities, Inc. v. Tang*, 290 F.3d 132, 136 (2d Cir. 2002), was any defect in appellate standing here cured by the provision of the stipulated judgment stating that Defendant-Appellant "expressly reserves all appellate rights in this matter," J. App'x at 157?

3. Under *Chappelle v. Beacon Communications Corp.*, 84 F.3d 652, 654 (2d Cir. 1996), and *Purdy v. Zeldes*, 337 F.3d 253, 257 (2d Cir. 2003), does the stipulated judgment below lack finality for purposes of 28 U.S.C. § 1291, insofar as Plaintiffs-Appellees voluntarily dismissed their claim under 42 U.S.C. § 1983 "without prejudice," J. App'x at 158? If so, did Plaintiffs-Appellees stipulate at oral argument (and/or would they now stipulate) to dismiss that claim *with* prejudice, and would such a stipulation cure any defect in finality?[1]

The parties shall file their briefs by Monday, January 30, 2023.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] The Court is in receipt of Defendant-Appellant's letter of January 20, 2023, filed prior the issuance of this Order, which offered "further response to the Court's questioning during . . . oral argument" regarding whether "the stipulated final judgment the district court entered below constitutes an appealable final decision under 28 U.S.C. § 1291." Doc. No. 210 at 1. In addressing the third question set forth above, Defendant-Appellant's supplemental brief may either (1) rest on the arguments made in Defendant-Appellant's letter of January 20, 2023, or (2) supplement such arguments, as Defendant-Appellant deems appropriate. Defendant-Appellant shall fully address the first and second questions set forth above.

2