# 21-1975

## United States Court of Appeals for the Second Circuit

NEW YORK STATE TELECOMMUNICATIONS ASSOCIATION, INC., CTIA - THE WIRELESS ASSOCIATION, ACA CONNECTS - AMERICA'S COMMUNICATIONS ASSOCIATION, USTELECOM - THE BROADBAND ASSOCIATION, NTCA - THE RURAL BROADBAND ASSOCIATION, SATELLITE BROADCASTING AND COMMUNICATIONS ASSOCIATION, on behalf of their respective members,

*Plaintiffs-Appellees,*

v.

LETITIA A. JAMES, in her official capacity as Attorney General of New York,

*Defendant-Appellant.*

On Appeal from the United States District Court
for the Eastern District of New York

## SUPPLEMENTAL BRIEF FOR APPELLANT

BARBARA D. UNDERWOOD
  *Solicitor General*
JUDITH N. VALE
  *Deputy Solicitor General*
ERIC DEL POZO
  *Assistant Solicitor General*
    *of Counsel*

LETITIA JAMES
  *Attorney General*
  *State of New York*
Attorney for Appellant
28 Liberty Street
New York, New York 10005
(212) 416-6274

Dated: January 30, 2023

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .........................................................................ii

INTRODUCTION ...................................................................................... 1

ARGUMENT ............................................................................................. 2

THE STIPULATED FINAL JUDGMENT IS APPEALABLE AND REVIEWABLE...... 2

A. The State Preserved the Ability on Appeal to Contest
the District Court's Permanent Injunction. ............................. 2

1. The language and context of the stipulated
judgment preclude any finding of waiver......................... 2

2. The parties to this appeal remain adverse. ..................... 8

B. The Parties Have Not Impermissibly Stipulated to
Appellate Jurisdiction........................................................... 10

C. The Stipulated Judgment Is Final for Purposes of
28 U.S.C. § 1291. ................................................................. 14

CONCLUSION ....................................................................................... 15

i

# TABLE OF AUTHORITIES

**Cases**                                                           **Page(s)**

*Ali v. Federal Ins. Co.*,
719 F.3d 83 (2d Cir. 2013) ...............................................................5, 8

*Bond v. United States*,
564 U.S. 211 (2011) ............................................................................6

*Cable Television Ass'n of N.Y., Inc. v. Finneran*,
954 F.2d 91 (2d Cir. 1992) ...............................................................11

*Cuno Eng'g Corp. v. Hudson Auto Supply Co.*,
49 F.2d 654 (2d Cir. 1931) ...............................................................14

*Day v. McDonough*,
547 U.S. 198 (2006) ............................................................................7

*Downey v. State Farm Fire & Cas. Co.*,
266 F.3d 675 (7th Cir. 2001) ............................................................11

*Food Mktg. Inst. v. Argus Leader Media*,
139 S. Ct. 2356 (2019) ........................................................................9

*Innovation Ventures, LLC v. Custom Nutrition Laboratories, LLC*,
912 F.3d 316 (6th Cir. 2018) ..............................................................4

*International Standard Elec. Corp. v. Cunard S.S. Co.*
*(The Mauretania)*,
80 F.2d 225 (2d Cir. 1935) ...............................................................14

*LaForest v. Honeywell Int'l Inc.*,
569 F.3d 69 (2d Cir. 2009) .................................................................3

*The Mauretania*,
84 F.2d 408 (2d Cir. 1936) ...............................................................14

*Microsoft Corp. v. Baker*,
137 S. Ct. 1702 (2017) ......................................................................13

| Cases | Page(s) |
|---|---|

*Monsanto Co. v. Geertson Seed Farms,*
561 U.S. 139 (2010).................................................9

*Morgan v. Sundance, Inc.,*
142 S. Ct. 1708 (2022)............................................2

*Murphy v. NCAA,*
138 S. Ct. 1461 (2018)............................................6

*New York v. Shinnecock Indian Nation,*
686 F.3d 133 (2d Cir. 2012) ...............................11

*OFS Fitel, LLC v. Epstein, Becker & Green, P.C.,*
549 F.3d 1344 (11th Cir. 2008)........................8-10

*Pacific R.R. v. Ketchum,*
101 U.S. 289 (1879)...............................................11

*Patsy's Italian Rest., Inc. v. Banas,*
658 F.3d 254 (2d Cir. 2011) ...............................12

*Perpetual Sec., Inc. v. Tang,*
290 F.3d 132 (2d Cir. 2002) ...............................11

*Rheinstrom Bros. v. Societa Nazionale Di Navigazione*
*(The Ansaldo San Giorgio I),*
73 F.2d 40 (2d Cir. 1934) ...............................4, 8

*Robb Evans & Assocs., LLC v. United States,*
850 F.3d 24 (1st Cir. 2017) ...............................3-4

*Schurr v. Austin Galleries of Ill., Inc.,*
719 F.2d 571 (2d Cir. 1983) ...............................3

*Shaw v. Delta Air Lines, Inc.,*
463 U.S. 85 (1983)...............................................11

*Sims v. EGA Prods., Inc.,*
475 F.3d 865 (7th Cir. 2007)...........................4, 10

| Cases | Page(s) |
|---|---|

*Slaven v. American Trading Transp. Co.*,
  146 F.3d 1066 (9th Cir. 1998) .................................................... 4

*Taylor Brands, LLC v. GB II Corp.*,
  627 F.3d 874 (Fed. Cir. 2010) ................................... 4-5, 8, 11

*United States v. Jacobson*,
  15 F.3d 19 (2d Cir. 1994) ......................................................... 1

*United States v. Olano*,
  507 U.S. 725 (1993) ............................................................... 2, 6

*United States v. Parse*,
  789 F.3d 83 (2d Cir. 2015) .................................................... 2, 6

*United States v. Proctor & Gamble Co.*,
  356 U.S. 677 (1958) .................................................................... 5

*United States v. Quinones*,
  511 F.3d 289 (2d Cir. 2007) ..................................................... 7

*United States v. Wong Ching Hing*,
  867 F.2d 754 (2d Cir. 1989) ..................................................... 9

*Verzilli v. Flexon, Inc.*,
  295 F.3d 421 (3d Cir. 2002) ..................................................... 4

*Wood v. Milyard*,
  566 U.S. 463 (2012) ................................................................... 7

**Rules**

Fed. R. Crim. P. 11 .................................................................. 10

iv

## INTRODUCTION

Following oral argument in this appeal, the Court ordered supplemental briefing on questions relating to appellate jurisdiction and reviewability. *See* Order (Jan. 20, 2023), ECF No. 212. Prior to that order, defendant-appellant New York Attorney General Letitia James (the State) filed an anticipatory letter on these subjects. *See* Letter from J. Vale (Jan. 20, 2023), ECF No. 210. That letter set forth the background and terms of the stipulated final judgment underlying this appeal, explained why it constitutes an appealable and adverse final judgment, and alternatively requested a remand pursuant to *United States v. Jacobson*, 15 F.3d 19 (2d Cir. 1994), to cure any imperfection in compliance with 28 U.S.C. § 1291's final-decision rule. This submission addresses the questions in the Court's recent order and, as needed, expands on the prior letter's analysis, which is incorporated by reference.

# ARGUMENT

## THE STIPULATED FINAL JUDGMENT IS APPEALABLE AND REVIEWABLE

### A. The State Preserved the Ability on Appeal to Contest the District Court's Permanent Injunction.

#### 1. The language and context of the stipulated judgment preclude any finding of waiver.

The Court's first question asked whether the State's stipulating to a final judgment waived any challenge to the permanent injunction entered below and, if so, whether the Court could overlook such a waiver and whether such a waiver would defeat Article III standing on appeal.

The stipulated final judgment did not effectuate a waiver, which requires "the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (quotation marks omitted). In general, "[w]aiver is not to be presumed." *United States v. Parse*, 789 F.3d 83, 112 (2d Cir. 2015). Rather, for a waiver, the facts must illustrate that the party "knowingly relinquish[ed] the right," whether expressly or "by acting inconsistently with that right." *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1714 (2022).

Here, the State plainly did not intend to relinquish its appellate rights. To the contrary, the final judgment explicitly preserved the State's

right to appeal both the declaratory judgment holding New York's Affordable Broadband Act (ABA) preempted and the permanent injunction against the ABA's enforcement. As many federal circuits, including this Court, have made clear, a "party may preserve its right to appeal a consent judgment by reserving that right unequivocally." *Robb Evans & Assocs., LLC v. United States*, 850 F.3d 24, 30 (1st Cir. 2017) (quotation marks and alterations omitted); *see LaForest v. Honeywell Int'l Inc.*, 569 F.3d 69, 73 (2d Cir. 2009) (agreeing that party may "consent to a judgment and still preserve his right to appeal," by "reserv[ing] that right unequivocally" (quotation marks omitted)). This conclusion comports with traditional principles for construing consent judgments, for which the "starting point of [any] analysis is, of course, the language." *Schurr v. Austin Galleries of Ill., Inc.*, 719 F.2d 571, 575 (2d Cir. 1983).

The stipulated final judgment in this case unequivocally provides that "[d]efendant reserves the right to appeal" the judgment "and permanent injunction." (J.A. 158.) And the judgment further states expressly that "plaintiffs recognize" that reservation of appellate rights. (J.A. 158.) This "clear reservation of a right to appeal" is "[a]ll that is needed to pave the way" for appellate review of issues bound up in the stipulated judg-

ment. *Robb Evans*, 850 F.3d at 30; *see also Innovation Ventures, LLC v. Custom Nutrition Laboratories, LLC*, 912 F.3d 316, 329 (6th Cir. 2018); *Taylor Brands, LLC v. GB II Corp.*, 627 F.3d 874, 878 (Fed. Cir. 2010); *Sims v. EGA Prods., Inc.*, 475 F.3d 865, 867 (7th Cir. 2007); *Verzilli v. Flexon, Inc.*, 295 F.3d 421, 423-24 (3d Cir. 2002); *Slaven v. American Trading Transp. Co.*, 146 F.3d 1066, 1070 (9th Cir. 1998).

Ample authority thus establishes that a party's agreeing to a stipulated judgment with an express preservation of appellate rights is consistent with the party's continued assertion of those same rights on appeal. In any event, the context here reinforces that the State did not waive its right to appeal. "[T]he Supreme Court and the courts of appeals have repeatedly held that the entry of a stipulated final judgment after a dispositive ruling does not bar an appeal." *Taylor Brands*, 627 F.3d at 877 (collecting authority). This principle has long been applied where "the record shows that the entry of the final decree merely carried into effect the court's previous decision on a litigated issue." *Rheinstrom Bros. v. Societa Nazionale Di Navigazione (The Ansaldo San Giorgio I)*, 73 F.2d 40, 41 (2d Cir. 1934), *aff'd*, 294 U.S. 494 (1935). That is what occurred here, where the district court definitively concluded in its preliminary

injunction opinion that the ABA was federally preempted on each of two legal theories, and the State then stipulated to a final judgment and permanent injunction that expressly incorporated the court's own prior legal reasoning. (J.A. 157.)

That the initial injunction was interlocutory does not alter the result when the district court's legal reasoning and conclusions essentially disposed of the case. In those circumstances, and particularly given the express preservation of appellate rights, the State's stipulation to the final judgment did not consent to the substance of the district court's judgment "but only that, if there was to be such a judgment, it should be final in form instead of interlocutory," to enable this appeal "without further delay." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958) (quotation marks omitted); *see Taylor Brands*, 627 F.3d at 878. Thus, "consent to the final judgment was designed solely to obtain immediate appeal of the prior adverse decision, without pursuing piecemeal appellate review." *Ali v. Federal Ins. Co.*, 719 F.3d 83, 90 (2d Cir. 2013). Inviting a final judgment did not waive the right to challenge the legal underpinnings of the prior interlocutory decision that effectively disposed of the case-determinative preemption issues. *See id.* at 88-90 (entertain-

5

ing appeal by counterclaimants who acquiesced in final judgment against them to obtain review of district court's reasoning in denying them summary judgment).

Inferring a waiver would be especially inappropriate here, where the State obviously never intended to forgo its continued sovereign defense of the ABA or objections to the district court's preemption conclusions. When important constitutional interests are at stake, there is a presumption *against* waiver. *See Parse*, 789 F.3d at 112; *see also Olano*, 507 U.S. at 733 (waiver's consequences will inform degree to which "choice must be particularly informed or voluntary"). The right to pass laws that do not conflict with valid federal statutes or regulations "is reserved for the States, as the Tenth Amendment confirms." *Murphy v. NCAA*, 138 S. Ct. 1461, 1476 (2018). And protecting residents from federal action "in excess of delegated governmental power" implicates "a State's constitutional interests." *Bond v. United States*, 564 U.S. 211, 222-24 (2011). New York has not waived these core sovereign prerogatives by taking steps to secure a final judicial adjudication of the ABA's validity under the Supremacy Clause, while expressly preserving the right to appeal.

Because the State has not waived its substantive defense to plaintiffs' federal-preemption claims, this case presents no occasion to consider how, if at all, to apply the principle that a "court is not at liberty . . . to bypass, override, or excuse a State's deliberate waiver" of a procedural bar, *Wood v. Milyard*, 566 U.S. 463, 466 (2012) (statute of limitations) (cited in Order at 1). On the contrary, finding a waiver here would bypass and override the parties' express recognition in the judgment of the State's appellate rights, as well as the rule that courts do not lightly infer a waiver of important interests.

Indeed, rather than any waiver, there was, at most, an "evident miscalculation" by the State of the consequences of inviting (and preserving its right to appeal) a final judgment reliant on the district court's previously announced, objected-to legal reasoning. *See Day v. McDonough*, 547 U.S. 198, 202 (2006). The Court "ha[s] discretion to correct" such an inadvertent action, *id.*, which in no way represented an intentional, tactical decision to abandon New York's sovereign defense of the ABA, *see United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007) (discussing concept of true waiver). A contrary determination would defy not only the stipulated judgment's language but also the procedural posture in which it arose.

7

## 2. The parties to this appeal remain adverse.

For similar reasons, the parties to this appeal remain adverse to each other after the stipulated final judgment. The express preservation of appellate rights, acknowledged by plaintiffs, makes plain that the parties had not settled their differences. The judgment cannot fairly be construed as the parties' "agreeing as to what the [case's] substantive outcome" will be, but rather reflects the act of "merely consenting to the judgment's form (including agreeing that the judgment will be final instead of interlocutory)." *Taylor Brands*, 627 F.3d at 878. And just as that critical distinction precludes a finding of waiver, *see id.*, it dictates as well that a live controversy persists on appeal, *see, e.g.*, *Ali*, 719 F.3d at 90; *The Ansaldo San Giorgio I*, 73 F.2d at 41.

A party appealing from a stipulated judgment will "satisfy the case or controversy requirement of the Constitution" where, as here, the judgment is designed to "expedite the case" and place an interlocutory ruling in final form because that ruling was essentially case-dispositive. *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1356-58 (11th Cir. 2008). And by basing the judgment "on that case-dispositive event, the district court effectively made that contested interlocutory [decision]

8

a final order." *Id.* at 1358 (finding appellate adversity under analogous circumstances).

Moreover, the State retains a concrete and redressable stake in this litigation. The district court's injunction against enforcement of the ABA is causing an ongoing injury to New York and specifically to low-income New Yorkers. This injury would be redressed by a favorable ruling from this Court rejecting plaintiffs' federal-preemption theories and reversing the final judgment and injunction contingent on those theories. *See Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2362 (2019) (cited in Order at 2); *see also Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 150 (2010) (upholding Article III standing on appeal where nobody "dispute[d] that petitioners would have standing to contest the District Court's permanent injunction order if they had pursued a different litigation strategy").

Indeed, the stipulated judgment here bears some similarity to a conditional plea agreement, whereby a criminal defendant may plead guilty while expressly preserving for appellate review an interlocutory ruling that is effectively, even if not always technically, "dispositive of the case." *United States v. Wong Ching Hing*, 867 F.2d 754, 758 (2d Cir.

9

1989); *see* Fed. R. Crim. P. 11(a)(2). This Court has never suggested that a defendant utilizing that well-established procedural device lacks constitutional standing to appeal. *See Sims*, 475 F.3d at 867 ("The civil rules lack a provision comparable to Rule 11(a)(2) of the criminal rules, but this does not affect jurisdiction."). And just as a criminal "defendant who has lost one or more pretrial motions" need not "go through an entire trial simply to preserve the pretrial issues for later appellate review," which wastes prosecutorial and judicial resources, Fed. R. Crim. P. 11, advisory committee's note to 1983 amendments, entry of a stipulated civil judgment like this one "avoids the waste of a party going through a dismissal or summary judgment procedure that it already knows it will lose simply to get a final judgment," *OFS Fitel*, 549 F.3d at 1360.

## B.   The Parties Have Not Impermissibly Stipulated to Appellate Jurisdiction.

Next, the Court asked whether the final judgment's express preservation of appellate rights could suffice to cure "any defect in appellate standing." Order at 2.

If the defect pertained to federal subject-matter jurisdiction, then the answer would be no. As the decisions cited in the Court's order confirm,

parties cannot confer subject-matter jurisdiction on a federal court by mere agreement or artifice. *New York v. Shinnecock Indian Nation*, 686 F.3d 133, 137-38 (2d Cir. 2012) (agreement); *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 136-37 (2d Cir. 2002) (pleading frivolous federal claim). But the rule against stipulating to federal subject-matter jurisdiction has no application here. Indeed, federal-question jurisdiction undeniably exists "over suits to enjoin state officials from interfering with federal rights." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14 (1983); *accord Cable Television Ass'n of N.Y., Inc. v. Finneran*, 954 F.2d 91, 94-95 (2d Cir. 1992).

Moreover, the State's explicit preservation of appellate rights in the stipulated judgment relates to waiver and not to jurisdiction. Whether a party to a consent judgment has waived review of specific issues is a merits question, which the Court necessarily may "hear and decide" if jurisdiction otherwise exists. *Pacific R.R. v. Ketchum*, 101 U.S. 289, 295 (1879); *accord Taylor Brands*, 627 F.3d at 877 n.2. Subject to finality rules, appellate jurisdiction under § 1291 exists here, since for statutory "purposes there is no distinction between 'consent' and 'adversarial' judgments. Judgments are judgments, and any party can appeal as of right from a final decision adverse to his interests." *Downey v. State Farm Fire*

11

*& Cas. Co.*, 266 F.3d 675, 682 (7th Cir. 2001). The Court thus has juris-
diction. And as already established, the State has not waived appellate
review of the permanent injunction, and the requisite adversity between
the parties remains.

During oral argument, the Court inquired whether the parties
intended to stipulate to a permanent injunction to circumvent district
court review of that remedy's propriety. Insofar as such a concern may
have animated the second question on which the Court directed briefing,
the concern would be misplaced here.

Put simply, the parties have not attempted to contract around district
court review. That was neither the parties' intent nor the result of the
stipulated final judgment. As explained, the district court predicated the
final judgment, including the permanent injunction, on "the reasons given
in the Court's June 11, 2021, memorandum and order" granting a prelimi-
nary injunction. (J.A. 157.) In doing so, the district court incorporated its
own prior conclusions about preemption into the permanent injunction,
such that the "appellate court is able to understand the reasons for the
injunction," *Patsy's Italian Rest., Inc. v. Banas*, 658 F.3d 254, 273 (2d Cir.
2011) (citing Fed. R. Civ. P. 65(d)(1)(A)).

Although contained in a preliminary injunction order, the district court's legal reasoning on federal preemption was not tentative. Rather, the court definitively ruled that the ABA was subject to both field and conflict preemption after examining relevant statutes, regulatory orders, and decisional law. (*See* J.A. 121-154.) Moreover, the district court's actions in signing and entering the proposed stipulated judgment demonstrate that the court agreed with the parties that its legal conclusions on preemption ended the case and that there was thus nothing left to litigate. Further motion practice would have drained resources and yielded a permanent injunction based on the same legal grounds as before. Entry of the judgment thus did not bypass the district court in favor of appellate review. The process was instead intended to avoid piecemeal review of successive and substantively similar injunctions. Nobody involved—not the parties, and not the district court—was attempting to "transform a tentative interlocutory order" not otherwise subject to immediate appeal into an appealable final judgment merely by "purporting to end the litigation." *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1715 (2017).

In any event, even where (unlike here) the parties procured a pro forma order to obtain appellate review, "the proper remedy [i]s not to

dismiss, thus leaving the injunction standing, but to remand for further proceedings." *Cuno Eng'g Corp. v. Hudson Auto Supply Co.*, 49 F.2d 654, 656 (2d Cir. 1931) (citing *Harley-Davidson Motor Co. v. Buffington*, 259 U.S. 414 (1922)). Accordingly, if the Court doubts the reviewability of the district court's permanent injunction for this reason, the appropriate course would be to defer a decision on the merits and remand the case for further proceedings, after which this panel may reacquire jurisdiction and proceed to decide the preemption questions this appeal raises. *See International Standard Elec. Corp. v. Cunard S.S. Co. (The Mauretania)*, 80 F.2d 225, 229-30 (2d Cir. 1935) (directing this disposition given doubts about reviewability of district court's order); *see also The Mauretania*, 84 F.2d 408, 409 n.1 (2d Cir. 1936) ("such action [was] had in the district court" as to enable panel "to consider the merits of the controversy").

## C.   The Stipulated Judgment Is Final for Purposes of 28 U.S.C. § 1291.

Finally, the State rests on the arguments in its prior letter as to why the voluntary dismissal of plaintiffs' § 1983 claim without prejudice in the stipulated judgment does not defeat finality. *See* Order at 2.

14

## CONCLUSION

The stipulated final judgment is appealable, and the State's appellate

challenge to the permanent injunction is reviewable.

Dated:   New York, New York
        January 30, 2023

Respectfully submitted,

LETITIA JAMES
  *Attorney General*
  *State of New York*
Attorney for Appellant


By:   */s/ Judith N. Vale*
      JUDITH N. VALE
      Deputy Solicitor General

BARBARA D. UNDERWOOD          28 Liberty Street
  *Solicitor General*         New York, NY 10005
JUDITH N. VALE                (212) 416-6274
  *Deputy Solicitor General*
ERIC DEL POZO
  *Assistant Solicitor General*
      *of Counsel*

15