# 21-1975

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

---

NEW YORK STATE TELECOMMUNICATIONS ASSOCIATION, INC.,
CTIA – THE WIRELESS ASSOCIATION, ACA CONNECTS – AMERICA'S
COMMUNICATIONS ASSOCIATION, USTELECOM – THE BROADBAND
ASSOCIATION, NTCA – THE RURAL BROADBAND ASSOCIATION,
SATELLITE BROADCASTING AND COMMUNICATIONS ASSOCIATION,
on behalf of their respective members,

*Plaintiffs-Appellees*,

v.

LETITIA A. JAMES, in her official capacity as Attorney General of New York,

*Defendant-Appellant*.

---

On Appeal from the United States District Court for the
Eastern District of New York, No. 21-cv-2389 (Hon. Denis R. Hurley)

---

## SUPPLEMENTAL BRIEF FOR PLAINTIFFS-APPELLEES

---

Scott H. Angstreich
Andrew E. Goldsmith
Joseph S. Hall
Alex A. Parkinson
KELLOGG, HANSEN, TODD,
 FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900

*Counsel for New York State Telecommunications Association, Inc.;
CTIA – The Wireless Association; NTCA – The Rural Broadband Association;
and USTelecom – The Broadband Association*

January 30, 2023

*(additional counsel listed on inside cover)*

Jeffrey A. Lamken  
MOLOLAMKEN LLP  
The Watergate, Suite 500  
600 New Hampshire Avenue, N.W.  
Washington, D.C. 20037  
(202) 556-2000  

*Counsel for ACA Connects – America's Communications Association*

Jared P. Marx  
HARRIS, WILTSHIRE & GRANNIS, LLP  
1919 M Street, N.W., 8th Floor  
Washington, D.C. 20036  
(202) 730-1328  

*Counsel for Satellite Broadcasting & Communications Association*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION .....................................................................................................1

ARGUMENT .............................................................................................................1

I. The Amended Judgment Is Final for Purposes of 28 U.S.C. § 1291 ..............1

II. The Associations Understood the New York Attorney General To Have Preserved Her Ability To Appeal the Amended Judgment ...................3

CONCLUSION ..........................................................................................................5

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

Page

**CASES**

*Alix v. McKinsey & Co.*, 23 F.4th 196 (2d Cir. 2022), *cert. denied sub nom. McKinsey & Co. v. Alix*, 143 S. Ct. 302 (2022) ..............................................3

*Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949)..................................2

*Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444 (2d Cir. 2013)....................2

*LaForest v. Honeywell Int'l Inc.*, 569 F.3d 69 (2d Cir. 2009)..........................1, 4, 5

*Massaro v. Palladino*, 19 F.4th 197 (2d Cir. 2021) ..............................................2, 3

*New York v. Shinnecock Indian Nation*, 686 F.3d 133 (2d Cir. 2012) .....................5

*Perpetual Sec., Inc. v. Tang*, 290 F.3d 132 (2d Cir. 2002).........................................5

*Robb Evans & Assocs., LLC v. United States*, 850 F.3d 24 (1st Cir. 2017)..............4

*Wood v. Milyard*, 566 U.S. 463 (2012) .....................................................................5

*16 Casa Duse, LLC v. Merkin*, 791 F.3d 247 (2d Cir. 2015) ....................................3

**CONSTITUTION AND STATUTES**

28 U.S.C. § 1291 ....................................................................................................1, 2

42 U.S.C. § 1983 ....................................................................................................1, 3

**OTHER MATERIAL**

Stipulation for Voluntary Dismissal, *New York State Telecomms. Ass'n, Inc. v. James*, No. 21-1603 (2d Cir. Aug. 24, 2021)....................................................4

## INTRODUCTION

For the reasons in the New York Attorney General's January 20, 2023 letter, the district court's Amended Judgment (A160-61) is a final judgment, notwithstanding the Plaintiff Associations' dismissal without prejudice of their claim under 42 U.S.C. § 1983. But if the Court disagrees, the Associations did — and do — stipulate to dismissal with prejudice of their § 1983 claim. That stipulation would cure any defect in finality.

The Associations also understood the reservation of rights language in paragraph (e) of the Stipulated Final Judgment (A158) to be sufficiently "unequivocal[]" to preserve the New York Attorney General's ability to appeal the permanent injunction. *LaForest v. Honeywell Int'l Inc.*, 569 F.3d 69, 73 (2d Cir. 2009). If that understanding is correct, the New York Attorney General did not relinquish the arguments presented on appeal and has standing to pursue them. But if the Court disagrees, the New York Attorney General would have relinquished those arguments and lacks standing to pursue this appeal.

## ARGUMENT

**I.   The Amended Judgment Is Final for Purposes of 28 U.S.C. § 1291**

The Associations agree with the New York Attorney General that the Amended Judgment is a final judgment. *See* Jan. 20, 2023 Letter at 2-4. Treating the Amended Judgment as a final judgment is also consistent with the Supreme

Court's "direct[ive] to give a 'practical rather than a technical construction' to section 1291." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 450 (2d Cir. 2013) (quoting *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)).

In *Guggenheim Capital*, this Court concluded that a default judgment entered on two claims — but silent on two others — was a final judgment that the defendant could appeal, even though the silence was functionally a "dismiss[al] . . . without prejudice" of the latter two claims. *Id.* There, as here, "[a]t oral argument on appeal, both parties indicated that they understood the . . . judgment to be the final decision on the merits as to all of the claims raised by the" plaintiffs. *Id.* And there, as here, the "district court . . . intended the same," as it "ordered the case closed." *Id.*; *see* A161. Finally, after the district court entered the judgment, the plaintiffs there, as here, "aside from defending the appeal" have "declined to further prosecute any claims (to the extent any remained outstanding)" and so "would suffer no prejudice by [the Court] treating the . . . judgment as final." *Guggenheim Capital*, 722 F.3d at 450.

*Guggenheim Capital* provides additional grounds for concluding that the Amended Judgment is a final judgment. The same is true of *Massaro v. Palladino*, 19 F.4th 197 (2d Cir. 2021), which applied *Guggenheim Capital* in holding that a judgment was final, even though the summary judgment ruling for plaintiffs that

2

preceded it "did not resolve the [plaintiffs'] alternative theories of liability seeking the same relief," *id.* at 208-09.

But if the Court concludes otherwise, the Associations stipulated at oral argument and reaffirm here that they will dismiss their 42 U.S.C. § 1983 claim with prejudice.[1] That stipulation would cure any lack of finality. *See 16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 255 (2d Cir. 2015) (holding that an agreement "[a]t [oral] argument" to "dismissal of [the] remaining claim . . . with prejudice" allows the Court to "treat the district court's order as final"); *see also Alix v. McKinsey & Co.*, 23 F.4th 196, 203 (2d Cir. 2022) (citing *16 Casa Duse* while finding that plaintiff's statement in Form C filed with this Court "discontinu[ing] with prejudice" claims that plaintiff had dismissed without prejudice before the district court "was sufficient to cure any defect in appellate jurisdiction"), *cert. denied sub nom. McKinsey & Co. v. Alix*, 143 S. Ct. 302 (2022).

## II. The Associations Understood the New York Attorney General To Have Preserved Her Ability To Appeal the Amended Judgment

When the Associations agreed to the New York Attorney General's proposal to convert the preliminary injunction ruling in the Associations' favor into a stipulated final judgment imposing a permanent injunction, the Associations

---

[1] The New York Attorney General has "confirm[ed] that it waives any contention that the § 1983 claim's dismissal has any preclusive effect within this case." Jan. 20, 2023 Letter at 4.

3

understood that the New York Attorney General was not relinquishing her right to appeal that permanent injunction. The New York Attorney General had appealed the preliminary injunction ruling (No. 21-1603) and informed the Associations of her intent to replace that appeal with an appeal of the stipulated final judgment.

This Court has agreed with other courts of appeals that a party may "consent to a judgment and still preserve his right to appeal" by "reserv[ing] that right unequivocally." *LaForest*, 569 F.3d at 73. The Associations understood paragraph (e) of their stipulated final judgment to contain sufficiently unequivocal language:

> (e) Defendant reserves the right to appeal this stipulated final judgment, declaration, and permanent injunction; plaintiffs recognize defendant's right to appeal this stipulated final judgment, declaration, and permanent injunction[.]

A158.[2] Consistent with that understanding, the parties stipulated to the withdrawal of the New York Attorney General's appeal of the preliminary injunction ruling "as moot, . . . following entry of a permanent injunction and final judgment in the district court, which are separately subject to pending appeal No. 21-1975."[3]

---

[2] *See also Robb Evans & Assocs., LLC v. United States*, 850 F.3d 24, 29-30 (1st Cir. 2017) (finding that the United States had successfully preserved its right to appeal where "the parties jointly moved for the entry of final judgment" after "adjudication of the motion to dismiss had effectively resolved the essence of the dispute" and the stipulated final judgment contained reservation of appellate rights language similar to paragraph (e)).

[3] Stipulation for Voluntary Dismissal, No. 21-1603 (2d Cir. Aug. 24, 2021).

4

If the Court instead concludes that the parties' understanding was incorrect, the New York Attorney General would have stipulated to the substance of a judgment and, thereby, relinquished her ability to challenge the permanent injunction. *See LaForest*, 569 F.3d at 73 ("Appeal from a consent judgment is generally unavailable . . . ."). If so, the Court would not be "at liberty" to dissolve the permanent injunction. *Wood v. Milyard*, 566 U.S. 463, 466 (2012). Likewise, the New York Attorney General would lack Article III standing to pursue this appeal because this Court could not redress her injury. And the reservation of appellate rights language in the parties' stipulated final judgment — which the Court would have already found insufficient to preserve those rights — could not cure that lack of standing. "Jurisdiction cannot be created by the consent of the parties," *New York v. Shinnecock Indian Nation*, 686 F.3d 133, 138 (2d Cir. 2012), and the "absence of jurisdiction is non-waivable," *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 136 (2d Cir. 2002).

## CONCLUSION

This Court should affirm the district court's final judgment permanently enjoining the Affordable Broadband Act and declaring it preempted.

5

Respectfully submitted,

/s/ *Jeffrey A. Lamken*
Jeffrey A. Lamken
MOLOLAMKEN LLP
The Watergate, Suite 500
600 New Hampshire Avenue, N.W.
Washington, D.C. 20037
(202) 556-2000
jlamken@mololamken.com

*Counsel for ACA Connects – America's Communications Association*

/s/ *Jared P. Marx*
Jared P. Marx
HARRIS, WILTSHIRE & GRANNIS, LLP
1919 M Street, N.W., 8th Floor
Washington, D.C. 20036
(202) 730-1328
jmarx@hwglaw.com

*Counsel for Satellite Broadcasting & Communications Association*

/s/ *Scott H. Angstreich*
Scott H. Angstreich
Andrew E. Goldsmith
Joseph S. Hall
Alex A. Parkinson
KELLOGG, HANSEN, TODD,
 FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900
sangstreich@kellogghansen.com
agoldsmith@kellogghansen.com
jhall@kellogghansen.com
aparkinson@kellogghansen.com

*Counsel for New York State Telecommunications Association, Inc.; CTIA – The Wireless Association; NTCA – The Rural Broadband Association; and USTelecom – The Broadband Association*

January 30, 2023

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the page limits the Court established in its January 20, 2023 supplemental briefing order because it does not exceed 15 double-spaced pages in length.

I further certify that this brief complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) and Local Rule 32.1 because it has been prepared using Microsoft Word 2016 in a proportionally spaced typeface (Times New Roman, 14 point).

/s/ *Scott H. Angstreich*
Scott H. Angstreich

January 30, 2023